UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BENJAMIN SPECTOR,

      Plaintiff,

vs.

SUZUKI MOTOR OF AMERICA, INC.,     CASE NO.:

      Defendant.

_____/

### DEFENDANT, SUZUKI MOTOR OF AMERICA, INC.'S NOTICE OF REMOVAL

Defendant, Suzuki Motor of America, Inc. ("SMAI") hereby petitions for the removal of the above-styled cause to the United States District Court, Middle District of Florida, Fort Myers Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the following grounds:

1. Plaintiff, Benjamin Spector commenced this action in the Twentieth Judicial Circuit, in and for Lee County, Florida, captioned *Benjamin Spector v. Suzuki Motor of America, Inc.*, Case No. 17-CA-003484. Suzuki Motor of America, Inc. ("SMAI") is the only named defendant.

2. This is a civil action in which Plaintiff has filed a Petition for Pure Bill of Discovery against SMAI. The Petition alleges Plaintiff, Benjamin Spector was involved in a motorcycle crash on August 22, 2016 while operating his 2008 Suzuki GSX1300RK8 motorcycle. *See* Petition at ¶ 2. Plaintiff alleges that the subject 2008

Suzuki motorcycle "suddenly shut off causing an immediate loss of control." *See id.* Plaintiff further alleges "ignition switch defects associated with this model of motorcycle." *See id.*

3. Despite the fact that Plaintiff alleges the basis for a product liability lawsuit and specifically identifies the claimed defect relating to the ignition switch, Plaintiff's Petition claims a pure bill of discovery is necessary to obtain evidence "to determine the nature of the wrongful acts and the extent to which involved [SMAI]." *See id.* at ¶ 6. Plaintiff is seeking discovery and depositions "relating to the failure of safety switches in the subject model motorcycle" and inspection of the subject motorcycle by SMAI. *See id.* at ¶¶ 6 & 11(incorrectly numbered).

4. This action is one in which the District Courts of the United States have original jurisdiction in that it involves a controversy exclusively between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

5. Venue properly rests with the Fort Myers Division of the United States District Court for the Middle District of Florida because this action is being removed from the Twentieth Judicial Circuit in and for Lee County, Florida.

6. Plaintiff's Petition was filed in the Circuit Court on October 27, 2017. SMAI was served on November 7, 2017 with the Summons and Petition for Pure Bill of Discovery. Pursuant to 28 U.S.C. § 1446(b), SMAI is removing this case within thirty

days after it was served with the Summons and Petition. SMAI has not taken any actions inconsistent with this Court's jurisdiction since ascertaining the case is removable.

7. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02, copies of all process, pleadings, orders and other papers or exhibits filed in the state court or served on SMAI are attached as **Exhibit A**.

8. Concurrent with the filing of this Notice of Removal, SMAI filed its Notice of Filing Notice of Removal with the Circuit Court of Lee County, Florida in the state court action. A copy of the Notice of Filing is attached as **Exhibit B**.

9. Accompanying this Notice of Removal is a Civil Cover Sheet, as well as the required filing fee. Written notice of the filing of this Notice of Removal has been given to Plaintiff through his counsel.

## Complete Diversity Exists As to All Parties

10. Plaintiff, Benjamin Spector was and is a resident and citizen of the State of Florida. *See* Petition at ¶ 2.

11. Plaintiff's Petition fails to allege the citizenship of SMAI. However, SMAI, at all times material hereto, at the time of the filing of the Petition and at the time of this Removal, was and is a foreign corporation organized under the laws of a State other than the State of Florida. SMAI does not have its principal place of business in the State of Florida, and is not a citizen of the State of Florida. SMAI is a California corporation which has its principal place of business in the State of California. Therefore, there is complete diversity between Plaintiff and SMAI, which is the only named defendant.

3

### Pure Bill of Discovery is Subject to Removal

12. Florida courts have found that pure bills of discovery are not separate and distinct from the underlying causes of action. Though Plaintiff's Petition is currently seeking only a pure bill of discovery, Plaintiff has alleged the basis for a product liability action. Under Florida law, a pure bill of discovery can be amended to add substantive causes of action. *Empire Financial Group, Inc. v. Financial Indus. Regulatory Auth., Inc.*, 2009 WL 10644856, at *5 (S.D. Fla. 2009) (quoting *Butzberger v. Novartis Pharmaceuticals Corp.*, Case No. 80700, 2006 U.S. Dist. LEXIS 85576 (S.D. Fla. 2006)) ("Florida courts treat bills of discovery as the first step in a civil action and allow such to be amended to state a cause of action at law."); *Perez v. Citibank, N.A.*, 328 F. Supp. 2d 1374, 1378 (S.D. Fla. 2004) (noting that Florida courts consider bills of discovery civil actions and permit removal of bills of discovery in part because such can be amended to add substantive causes of action).

13. Therefore, it is proper to look to the potential causes of action identified in the petition to determine subject matter jurisdiction. *See Butzberger v. Novartis Pharmaceuticals Corp.*, Case No. 80700, 2006 U.S. Dist. LEXIS 85576 (S.D. Fla. 2006) (removing pure bill of discovery based on the underlying product liability claims and allegations of liver damage satisfying amount in controversy requirement). *See also Surface v. Town of Bay Harbor Islands*, 625 So. 2d 109, 109 (Fla. 3d DCA 1993); Fla. R. Civ. P. 1.040 ("[t]here shall be one form of action to be known as a 'civil action'"); *APA – The Engineered Wood Ass'n v. Glens Falls Ins. Co., Inc.*, 972 P.2d 937, 940 (Wash. App. 1999) (applying Florida law) ("[Plaintiffs] could easily have amended its complaint

to add a prayer for damages, if and when it deemed its discovery efforts successful. To hold that [Plaintiffs'] suit was not a suit seeking damages would accentuate the vagaries of Florida procedure, [and] exalt form over substance."). The Court's decision in *Mesia v. Florida Ag. and Mech. Univ. School of Law*, 605 F. Supp. 2d 1230 (M.D. Fla. 2009) does not weigh against removal in the instant case. In *Mesia*, Plaintiff filed in federal court a petition for bill of discovery against Defendant law school, which filed a motion to dismiss. *Id.* at 1231. The Court noted that Plaintiff failed to plead any facts which would establish the existence of jurisdiction in federal court. *Id.* at 1232. Though Plaintiff represented the discovery was aimed to confirm suspicions of discrimination, Plaintiff did not plead any facts supporting jurisdiction. *Id.* The Court found that the existence of some possible cause of action to be brought at some time in the future did not establish subject matter jurisdiction over the Petition for discovery. *Id.* at 1232-33. Unlike *Mesia*, this case does not involve some possible or speculative cause of action that may be brought at some time in the future.

14. Here, the Petition makes clear that this is a typical product liability action. The Petition specifically alleges "ignition switch defects" in the subject motorcycle and that SMAI is in possession of information relating to the alleged defect. *See* Petition at ¶ 5. Therefore, this case does not involve a situation where the potential causes of action are speculative or unclear. On the contrary, the underlying product liability claims are known and expressly stated in Plaintiff's Petition. Further, the extrinsic evidence discussed in the section below confirms that the amount in controversy requirement for jurisdiction is met. It would be improper to ignore the underlying product liability claims

5

in this action and monetary demand in excess of $75,000 already asserted by Plaintiff. As stated in *Glens Falls Ins. Co.*, to do so would exalt form over substance. 972 P.2d at 940.

### Amount in Controversy Exceeds $75,000

15. It is apparent from Plaintiff's allegations and the extrinsic evidence submitted by SMAI in support of removal that the amount in controversy exceeds this Court's jurisdictional requirements of $75,000, exclusive of interest and costs. Plaintiff's Petition, at this stage, does not assert a monetary demand for damages for purposes of jurisdiction. Accordingly, the applicable rule with regard to removal only requires this Defendant to establish the jurisdictional amount by a preponderance of the evidence standard. *La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347, 1348 (S.D. Fla. 2009) ("Where a plaintiff has not pled a specific amount of damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence.").

16. SMAI has submitted extrinsic evidence to support removal. *See Katz v. J. C. Penney Corp.*, 2009 WL 1532129 (S.D. Fla. 2009). When the amount in controversy is not apparent on the face of the operative complaint, the Court can look to the notice, as well as considering the viewpoint of the removing party. 13 AA Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3702.1, at 331-332, 337 (2011). *See, e.g., Corwin Jeep Sales & Service, Inc. v. American Motors Sales Corp.*, 670 F. Supp. 591 (M.D. Pa. 1986) (the court stated it may look to the Notice to determine the amount in controversy when the complaint does not contain a demand for a specific monetary amount); *Atkins v. Harcros Chemicals, Inc.*, 761 F. Supp. 444, 446 (E.D. La. 1991);

*Horak v. Color Metal of Zurich*, 285 F. Supp. 603, 605 (D.N.J. 1968) (the court found removal proper where a review of the complaint indicated there was more than $50,000, the jurisdictional threshold at that time at stake, even though there was no *ad damnum* amount stated).

17. This product liability case arises out of a motorcycle crash on August 22, 2016. Plaintiff alleges that as he was operating the subject 2008 Suzuki motorcycle "it suddenly shut off causing an immediate loss of control." *See* Petition at ¶ 3. Plaintiff has asserted that the subject model Suzuki motorcycle contains "ignition switch defects." *See id.* at ¶ 5. According to a letter sent to SMAI by Plaintiff's counsel dated July 26, 2017 (**attached as Exhibit C**), Plaintiff was "fully ejected and almost went over the overpass wall."

18. Plaintiff's counsel asserts in the July 26, 2017 letter that Plaintiff suffered permanent injuries to his cervical spine, lumbar spine, left knee and left ankle as a result of the crash. *See* Exhibit C. Plaintiff "had recommended knee surgery" and has received multiple injections to his left knee. *See id.* Plaintiff states that his current medical bills are $68,218.87. *See id.* In addition to his medical bills, Plaintiff claims loss of earnings in the past and loss of earning capacity in the future. *See id.*

19. Finally, Plaintiff's demand letter to SMAI dated July 26, 2017 makes a monetary demand for $275,000. *See* Exhibit C. Plaintiff's demand for $275,000 makes clear that the amount in controversy in this case exceeds the sum of $75,000, exclusive of interest and costs. Thus, SMAI has established by a preponderance of the evidence the amount in controversy exceeds the Court's jurisdictional requirements.

WHEREFORE, Defendant, SMAI hereby gives Notice of Removal, and petitions this Court for the entry of an Order removing this cause from the Circuit Court for the Twentieth Judicial Circuit, in and for Lee County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division.

Respectfully submitted,

/s/ Damien A. Orato
DAMIEN A. ORATO, ESQUIRE
Florida Bar No. 0028219
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 0091403
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133
E-mail: dorato@rumberger.com
E-mail: sduke@rumberger.com
*Attorneys for Suzuki Motor of America, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to: Michael L. Beckman, Esquire, Viles & Beckman, LLC, 6350 Presidential Court, Suite A, Fort Myers, Florida 33919, this 22nd day of November, 2017.

*[signature]*

DAMIEN A. ORATO, ESQUIRE
Florida Bar No. 0028219
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 0091403
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
E-mail:  dorato@rumberger.com
E-mail:  sduke@rumberger.com
*Attorneys for Suzuki Motor of America, Inc.*

10669557.1