# Exhibit A

Lee County Clerk - Court Records Search



## 17-CA-003484 : Spector, Benjamin Plaintiff vs Suzuki Motor of America Inc Defendant

| | | | |
|---|---|---|---|
| Case Type: | CA Other | Date Filed: | 10/27/2017 |
| Location: | Div L | UCN: | 362017CA003484A001CH |
| Judge: | John E Duryea | Status: | Filed |
| Citation Number: | CA Other | Appear By Date: | |

### Parties

| Name | Type | Attorney | Atty Phone |
|---|---|---|---|
| Benjamin Spector | Plaintiff | Michael Beckman | 239-334-3933 |
| Suzuki Motor of America Inc | Defendant | | |

### Charge Details

| Offense Date | Charge | Plea | Arrest | Disposition | Sentence |
|---|---|---|---|---|---|

### Docket Events

| Date | Description | Pages |
|---|---|---|
| 10/27/2017 | Civil Cover Sheet | 2 |
| 10/27/2017 | Complaint | 2 |
| 10/27/2017 | Summons Submitted for Issuance - New CaseIssued | 2 |
| | Comments: Issued | |
| 10/31/2017 | Standing Order in Civil Cases | 2 |

### Hearings

| Date | Hearing | Time | Location | Pages |
|---|---|---|---|---|

### Financial

| Date | Description | Payer | Amount |
|---|---|---|---|
| 10/27/2017 | Charge | Benjamin Spector | 410.00 |
| 10/27/2017 | Payment | Benjamin Spector | 410.00 |
| | | Balance Due: | 0.00 |

Filing # 63449428 E-Filed 10/27/2017 05:05:32 PM

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
### IN AND FOR LEE COUNTY, FLORIDA
### CIVIL ACTION

BENJAMIN SPECTOR,

     **Plaintiff,**

vs.                                CASE NO.: **17-CA-003484**

SUZUKI MOTOR OF AMERICA, INC.

     **Defendant,**

_____/

### SUMMONS
### IMPORTANT

TO:   SUZUKI MOTOR OF AMERICA, INC.
       By Serving: C T Corporation System
       1200 South Pine Island Road
       Plantation FL 33324

     A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

     If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

     Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no la protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

1

25729/MLB/oms

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entragar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens pevent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requirer les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous - meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff / Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Dated:  October 27, 2017.              **VILES & BECKMAN, L.L.C.**
                                       6350 Presidential Court, Suite A
                                       Fort Myers, Florida  33919
                                       Telephone:  (239) 334-3933
                                       Facsimile;   (239) 334-7105
                                       Primary Email: Michael@vilesandbeckman.com
                                       Secondary Email: Opal@vilesandbeckman.com

                                       */s/ Michael L. Beckman*
                                       _____
                                       **Michael L. Beckman, Esquire**
                                       **FBN: 0128279**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

   **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in this lawsuit on the above named defendant.

   DATED on  <u>10/31/2017</u>, 2017        Linda Doggett
                                           CLERK OF COURTS

                                           _____
                                           As Deputy Clerk

2

25729/MLB/oms

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

BENJAMIN SPECTOR,

     Petitioner,

                           CASE NO.: _____

vs.

SUZUKI MOTOR OF AMERICA, INC,

     Respondents.

_____/

## PETITION FOR PURE BILL OF DISCOVERY

Petitioner, BENJAMIN SPECTOR ("SPECTOR"), by and through undersigned counsel, states:

1. This is a petition for a pure bill of discovery.

2. For all times material hereto, SPECTOR was and is a citizen of Lee County, Florida and is *sui juris*.

3. On August 22, 2016, SPECTOR was operating his 2008 Suzuki GSX1300RK8 motorcycle when it suddenly shut off causing an immediate loss of control. SPECTOR allowed respondent to inspect the motorcycle prior to filing this petition.

4. Respondent's has denied liability, despite the fact this model has past defect problems.

5. Respondent is in possession of information related to the ignition switch defects associated with this model of motorcycle.

6. The evidence requested in this Pure Bill is necessary to determine the nature of the wrongful acts and the extent to which involved Respondent.

7. Respondent has possession, custody and control of the evidence enumerated above and the Petitioners have no other remedy at law by which they may obtain same except by way of this Petition.

8. The following materials are sought in this Petition:

> **ALL RELEVANT VIDEOS, TEST VIDEOS, PHOTOGRAPHIC, DOCUMENTARY, PAPER DOCUMENTS, COMPUTER STORED DOCUMENTS PHYSICAL, OR OTHER EVIDENCE RELATING TO THE FAILURE OF SAFETY SWITCHES IN THE SUBJECT MODEL MOTORCYCLE.**
>
> **ANY AND ALL DOCUMENTION ON THE REPORT AND INVESTIGATION THAT PETITIONER ALLOWED YOU TO PERFORM ON JUNE 20, 2017**

11. The following depositions are sought:

   a. Corporate Deposition of Respondent to testify as to the areas and document discovery sought above.
   b. Deposition of Respondent's inspector that took place on June 20, 2017

WHEREFORE, Petitioners seek a Pure Bill of Discovery against Respondent as set forth above.

This _____ day of October, 2017.

<div style="margin-left:30%;">

**VILES & BECKMAN, L.L.C.**
6350 Presidential Court, Suite A
Fort Myers, Florida 33919
Telephone: (239) 334-3933
Facsimile: (239) 334-7105
Primary Email: Michael@vilesandbeckman.com
Secondary Email: Opal@vilesandbeckman.com

*/s/ Michael L. Beckman*

Michael L. Beckman, Esquire
FBN: 0128279

</div>

2

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA          CIVIL ACTION

CASE NO: 17-CA-003484

Spector, Benjamin
  Plaintiff
vs
Suzuki Motor of America Inc
  Defendant

_____/

## STANDING ORDER IN CIVIL CASES IN THE TWENTIETH JUDICIAL CIRCUIT

PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial
Administration 2.545, and Administrative Order 1.13 entered by the Chief Judge of this Circuit,
the parties are ordered to adhere to the following information and procedures applicable to civil
lawsuits:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this order
with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of
the Circuit Court with proof of service. The Plaintiff shall pay the appropriate statutory clerk's
fees on copies for each Standing Order issued and attached to the Summons.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has
established guidelines for the prompt processing and resolution of civil cases. This Court has
adopted a case management system to help meet those guidelines. In contested cases (other than
foreclosures, involuntary commitment of sexually violent predators and eminent domain cases),
the parties are required to participate in the case management system. The case management
system requires early consultation and cooperation among the parties for the preparation and
submission of an Agreed Case Management Plan, early interaction with a Civil Case Manager
and early involvement by the Court. The Agreed Case Management Plan requires the parties to
identify a case track, confer in a good faith attempt to narrow the matters in controversy, identify
the issues that require direct involvement by the Court, and establish a schedule for addressing
those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at:
[http://www.ca.cjis20.org/web/main/civil.asp].

Unless all of the Defendants have been served and have defaulted, an Agreed Case
Management Plan will be submitted to the Civil Case Manager, at the Lee County Justice Center,
1700 Monroe Street, Fort Myers, FL 33901, on or before 150 days from the date of filing of the
initial complaint. If the parties are unable to agree on an Agreed Case Management Plan, a case
management conference will be scheduled by the Court. If a case management conference is
scheduled, attendance by trial counsel and those parties who are not represented by counsel is
mandatory.

_____

[1] Case Track options include Expedited, Standard or Complex. Case Tracks have been established in order to
comply with the case disposition standards set forth in Florida Rule of Judicial Administration 2.250(a)(1)(B).

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. The Court requires the parties to participate in ADR prior to trial. Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties.

4. **RULES OF PROFESSIONALISM.** The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel or pro-se litigants practicing within the Circuit. The Court requires that all familiarize themselves and comply with Administrative Order 2.20. Administrative Order 2.20 may be viewed on the Court's website at: http://www.ca.cjis20.org/web/main/ao_admin.asp

5. **CONTACT INFORMATION.** Attorneys and pro se parties are required to keep the court apprised of their current address, telephone numbers and email address. This information is also required to be included in all pleadings filed in your case.


DONE AND ORDERED in Chambers at Fort Myers, Lee County, Florida.


*Alane C. Laboda (electronically signed)*
**Administrative Circuit Judge**


*****Original on file in the office of the Circuit Court Administrative Judge, Lee County**

 **CT Corporation**

**Service of Process Transmittal**
11/07/2017
CT Log Number 532260190

**TO:**  Jerry Hashimura
SUZUKI MOTOR OF AMERICA, INC.
3251 E Imperial Hwy
Brea, CA 92821-6795

**RE:**  **Process Served in Florida**

**FOR:**  SUZUKI MOTOR OF AMERICA, INC.  (Domestic State: CA)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BENJAMIN SPECTOR, Pltf. vs. SUZUKI MOTOR OF AMERICA, INC., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Order, Petition |
| **COURT/AGENCY:** | Lee County Circuit Court, FL<br>Case # 17CA003484 |
| **NATURE OF ACTION:** | PETITION FOR PURE BILL OF DISCOVERY |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/07/2017 at 15:15 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | Michael L. Beckman<br>Viles & Beckman, L.L.C.<br>6350 Presidential Court<br>Suite A<br>Fort Myers, FL 33919<br>239-334-3933 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0137085421 |
| | Image SOP |
| | Email Notification,  Lloyd Bartlett  lloyd.bartlett@suz.com |
| | Email Notification,  Legal Department  Legal-CTCorp@suz.com |
| | Email Notification,  Stacy Furuya  Stacy.furuya@suz.com |
| | Email Notification,  Jerry Hashimura  jerry.hashimura@suz.com |
| | Email Notification,  Terrence Huang  terrence.huang@suz.com |
| | Email Notification,  Brandy Ostrom  brandy.ostrom@suz.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324 |

Page 1 of  2 / AS

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
11/07/2017
CT Log Number 532260190

**TO:**   Jerry Hashimura
SUZUKI MOTOR OF AMERICA, INC.
3251 E Imperial Hwy
Brea, CA 92821-6795

**RE:**   **Process Served in Florida**

**FOR:**   SUZUKI MOTOR OF AMERICA, INC.  (Domestic State: CA)

**TELEPHONE:**          954-473-5503

Page 2 of  2 / AS

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

IN THE CIRCUIT COURT OF THE
TWELFTH JUDICIAL CIRCUIT, IN AND FOR
LEE COUNTY, FLORIDA

BENJAMIN SPECTOR,

      Plaintiff,

vs.

SUZUKI MOTOR OF AMERICA, INC.,

      Defendant.

CASE NO.:  17-CA-003484

_____/

## DEFENDANT, SUZUKI MOTOR OF AMERICA, INC.'S
## NOTICE OF FILING NOTICE OF REMOVAL

      YOU ARE HEREBY NOTIFIED that the attached copy of the Notice of Removal to the United States District Court for the Middle District of Florida was filed with the Clerk of said District Court at Fort Myers, Florida, on or about the 22nd day of November, 2017.  Pursuant to 28 U.S.C. Section 1446(d), this Court shall proceed no further in this cause unless and until this action is remanded to state court.  Absent the entry of a remand order by the District Court, this Court is divested of jurisdiction in this cause and is thereby requested to stay all further proceedings.

      YOU ARE FURTHER HEREBY NOTIFIED that this Notice of Filing Notice of Removal incorporates by reference all requirements of 28 U.S.C. Section 1446.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by e-mail to

the following, this <u>22nd</u> day of November, 2017:

| | |
|---|---|
| Michael L. Beckman, Esquire<br>Viles & Beckman, L.L.C.<br>6350 Presidential Court, Suite A<br>Fort Myers, FL 33919<br>Michael@vilesandbeckman.com<br>opal@vilesandbeckman.com<br>**(Counsel for Plaintiff, Benjamin Spector)** | |

*s/ Damien A. Orato*

DAMIEN A. ORATO, ESQUIRE
Florida Bar No. 0028219
E-mail:   dorato@rumberger.com (primary)
docketingorlando@rumberger.com   and
doratosecy@rumberger.com (secondary)
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 0028219
E-mail:sduke@rumberger.com (primary)
docketingorlando@rumberger.com   and
sdukesecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133

*Attorneys for Suzuki Motor of America, Inc.*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

BENJAMIN SPECTOR,

        Plaintiff,

vs.

SUZUKI MOTOR OF AMERICA, INC.,

        Defendant.

        CASE NO.:

_____ /

## DEFENDANT, SUZUKI MOTOR OF AMERICA, INC.'S
## NOTICE OF REMOVAL

Defendant, Suzuki Motor of America, Inc. ("SMAI") hereby petitions for the removal of the above-styled cause to the United States District Court, Middle District of Florida, Fort Myers Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the following grounds:

1.      Plaintiff, Benjamin Spector commenced this action in the Twentieth Judicial Circuit, in and for Lee County, Florida, captioned *Benjamin Spector v. Suzuki Motor of America, Inc.*, Case No. 17-CA-003484.   Suzuki Motor of America, Inc. ("SMAI") is the only named defendant.

2.      This is a civil action in which Plaintiff has filed a Petition for Pure Bill of Discovery against SMAI.  The Petition alleges Plaintiff, Benjamin Spector was involved in a motorcycle crash on August 22, 2016 while operating his 2008 Suzuki GSX1300RK8 motorcycle.  *See* Petition at ¶ 2.  Plaintiff alleges that the subject 2008

Suzuki motorcycle "suddenly shut off causing an immediate loss of control." *See id.*
Plaintiff further alleges "ignition switch defects associated with this model of
motorcycle." *See id.*

3.      Despite the fact that Plaintiff alleges the basis for a product liability
lawsuit and specifically identifies the claimed defect relating to the ignition switch,
Plaintiff's Petition claims a pure bill of discovery is necessary to obtain evidence "to
determine the nature of the wrongful acts and the extent to which involved [SMAI]." *See
id.* at ¶ 6.  Plaintiff is seeking discovery and depositions "relating to the failure of safety
switches in the subject model motorcycle" and inspection of the subject motorcycle by
SMAI. *See id.* at ¶¶ 6 & 11(incorrectly numbered).

4.      This action is one in which the District Courts of the United States have
original jurisdiction in that it involves a controversy exclusively between citizens of
different states and the amount in controversy exceeds the sum of $75,000.00, exclusive
of interest and costs.  Therefore, this Court has diversity jurisdiction pursuant to 28
U.S.C. §§ 1332 and 1441.

5.      Venue properly rests with the Fort Myers Division of the United States
District Court for the Middle District of Florida because this action is being removed
from the Twentieth Judicial Circuit in and for Lee County, Florida.

6.      Plaintiff's Petition was filed in the Circuit Court on October 27, 2017.
SMAI was served on November 7, 2017 with the Summons and Petition for Pure Bill of
Discovery.  Pursuant to 28 U.S.C. § 1446(b), SMAI is removing this case within thirty

2

days after it was served with the Summons and Petition. SMAI has not taken any actions inconsistent with this Court's jurisdiction since ascertaining the case is removable.

7.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02, copies of all process, pleadings, orders and other papers or exhibits filed in the state court or served on SMAI are attached as **Exhibit A**.

8.     Concurrent with the filing of this Notice of Removal, SMAI filed its Notice of Filing Notice of Removal with the Circuit Court of Lee County, Florida in the state court action. A copy of the Notice of Filing is attached as **Exhibit B**.

9.     Accompanying this Notice of Removal is a Civil Cover Sheet, as well as the required filing fee. Written notice of the filing of this Notice of Removal has been given to Plaintiff through his counsel.

## Complete Diversity Exists As to All Parties

10.     Plaintiff, Benjamin Spector was and is a resident and citizen of the State of Florida. *See* Petition at ¶ 2.

11.     Plaintiff's Petition fails to allege the citizenship of SMAI. However, SMAI, at all times material hereto, at the time of the filing of the Petition and at the time of this Removal, was and is a foreign corporation organized under the laws of a State other than the State of Florida. SMAI does not have its principal place of business in the State of Florida, and is not a citizen of the State of Florida. SMAI is a California corporation which has its principal place of business in the State of California. Therefore, there is complete diversity between Plaintiff and SMAI, which is the only named defendant.

3

## Pure Bill of Discovery is Subject to Removal

12.     Florida courts have found that pure bills of discovery are not separate and distinct from the underlying causes of action.  Though Plaintiff's Petition is currently seeking only a pure bill of discovery, Plaintiff has alleged the basis for a product liability action.  Under Florida law, a pure bill of discovery can be amended to add substantive causes of action.  *Empire Financial Group, Inc. v. Financial Indus. Regulatory Auth., Inc.*, 2009 WL 10644856, at *5 (S.D. Fla. 2009) (quoting *Butzberger v. Novartis Pharmaceuticals Corp.*, Case No. 80700, 2006 U.S. Dist. LEXIS 85576 (S.D. Fla. 2006)) ("Florida courts treat bills of discovery as the first step in a civil action and allow such to be amended to state a cause of action at law."); *Perez v. Citibank, N.A.*, 328 F. Supp. 2d 1374, 1378 (S.D. Fla. 2004) (noting that Florida courts consider bills of discovery civil actions and permit removal of bills of discovery in part because such can be amended to add substantive causes of action).

13.     Therefore, it is proper to look to the potential causes of action identified in the petition to determine subject matter jurisdiction.  *See Butzberger v. Novartis Pharmaceuticals Corp.*, Case No. 80700, 2006 U.S. Dist. LEXIS 85576 (S.D. Fla. 2006) (removing pure bill of discovery based on the underlying product liability claims and allegations of liver damage satisfying amount in controversy requirement).  *See also Surface v. Town of Bay Harbor Islands*, 625 So. 2d 109, 109 (Fla. 3d DCA 1993); Fla. R. Civ. P. 1.040 ("[t]here shall be one form of action to be known as a 'civil action'"); *APA – The Engineered Wood Ass'n v. Glens Falls Ins. Co., Inc.*, 972 P.2d 937, 940 (Wash. App. 1999) (applying Florida law) ("[Plaintiffs] could easily have amended its complaint

4

to add a prayer for damages, if and when it deemed its discovery efforts successful.  To hold that [Plaintiffs'] suit was not a suit seeking damages would accentuate the vagaries of Florida procedure, [and] exalt form over substance.").  The Court's decision in *Mesia v. Florida Ag. and Mech. Univ. School of Law*, 605 F. Supp. 2d 1230 (M.D. Fla. 2009) does not weigh against removal in the instant case.  In *Mesia*, Plaintiff filed in federal court a petition for bill of discovery against Defendant law school, which filed a motion to dismiss.  *Id.* at 1231.  The Court noted that Plaintiff failed to plead any facts which would establish the existence of jurisdiction in federal court.  *Id.* at 1232.  Though Plaintiff represented the discovery was aimed to confirm suspicions of discrimination, Plaintiff did not plead any facts supporting jurisdiction.  *Id.*  The Court found that the existence of some possible cause of action to be brought at some time in the future did not establish subject matter jurisdiction over the Petition for discovery.  *Id.* at 1232-33. Unlike *Mesia*, this case does not involve some possible or speculative cause of action that may be brought at some time in the future.

14.     Here, the Petition makes clear that this is a typical product liability action. The Petition specifically alleges "ignition switch defects" in the subject motorcycle and that SMAI is in possession of information relating to the alleged defect.  *See* Petition at ¶ 5.  Therefore, this case does not involve a situation where the potential causes of action are speculative or unclear.  On the contrary, the underlying product liability claims are known and expressly stated in Plaintiff's Petition.  Further, the extrinsic evidence discussed in the section below confirms that the amount in controversy requirement for jurisdiction is met.  It would be improper to ignore the underlying product liability claims

in this action and monetary demand in excess of $75,000 already asserted by Plaintiff. As stated in *Glens Falls Ins. Co.*, to do so would exalt form over substance. 972 P.2d at 940.

<div align="center">

**Amount in Controversy Exceeds $75,000**

</div>

15.     It is apparent from Plaintiff's allegations and the extrinsic evidence submitted by SMAI in support of removal that the amount in controversy exceeds this Court's jurisdictional requirements of $75,000, exclusive of interest and costs. Plaintiff's Petition, at this stage, does not assert a monetary demand for damages for purposes of jurisdiction. Accordingly, the applicable rule with regard to removal only requires this Defendant to establish the jurisdictional amount by a preponderance of the evidence standard. *La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347, 1348 (S.D. Fla. 2009) ("Where a plaintiff has not pled a specific amount of damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence.").

16.     SMAI has submitted extrinsic evidence to support removal. *See Katz v. J. C. Penney Corp.*, 2009 WL 1532129 (S.D. Fla. 2009). When the amount in controversy is not apparent on the face of the operative complaint, the Court can look to the notice, as well as considering the viewpoint of the removing party. 13 AA Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3702.1, at 331-332, 337 (2011). *See, e.g., Corwin Jeep Sales & Service, Inc. v. American Motors Sales Corp.*, 670 F. Supp. 591 (M.D. Pa. 1986) (the court stated it may look to the Notice to determine the amount in controversy when the complaint does not contain a demand for a specific monetary amount); *Atkins v. Harcros Chemicals, Inc.*, 761 F. Supp. 444, 446 (E.D. La. 1991);

<div align="center">

6

</div>

*Horak v. Color Metal of Zurich*, 285 F. Supp. 603, 605 (D.N.J. 1968) (the court found removal proper where a review of the complaint indicated there was more than $50,000, the jurisdictional threshold at that time at stake, even though there was no *ad damnum* amount stated).

17.     This product liability case arises out of a motorcycle crash on August 22, 2016.  Plaintiff alleges that as he was operating the subject 2008 Suzuki motorcycle "it suddenly shut off causing an immediate loss of control." *See* Petition at ¶ 3.  Plaintiff has asserted that the subject model Suzuki motorcycle contains "ignition switch defects." *See id.* at ¶ 5.  According to a letter sent to SMAI by Plaintiff's counsel dated July 26, 2017 (**attached as Exhibit C**), Plaintiff was "fully ejected and almost went over the overpass wall."

18.     Plaintiff's counsel asserts in the July 26, 2017 letter that Plaintiff suffered permanent injuries to his cervical spine, lumbar spine, left knee and left ankle as a result of the crash.  *See* Exhibit C.  Plaintiff "had recommended knee surgery" and has received multiple injections to his left knee.  *See id.*  Plaintiff states that his current medical bills are $68,218.87.  *See id.*  In addition to his medical bills, Plaintiff claims loss of earnings in the past and loss of earning capacity in the future.  *See id.*

19.     Finally, Plaintiff's demand letter to SMAI dated July 26, 2017 makes a monetary demand for $275,000. *See* Exhibit C.  Plaintiff's demand for $275,000 makes clear that the amount in controversy in this case exceeds the sum of $75,000, exclusive of interest and costs.  Thus, SMAI has established by a preponderance of the evidence the amount in controversy exceeds the Court's jurisdictional requirements.

WHEREFORE, Defendant, SMAI hereby gives Notice of Removal, and petitions this Court for the entry of an Order removing this cause from the Circuit Court for the Twentieth Judicial Circuit, in and for Lee County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division.

Respectfully submitted,

DAMIEN A. ORATO, ESQUIRE
Florida Bar No. 0028219
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 0091403
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
E-mail:  dorato@rumberger.com
E-mail:  sduke@rumberger.com
*Attorneys for Suzuki Motor of America, Inc.*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to: Michael L. Beckman, Esquire, Viles & Beckman, LLC, 6350 Presidential Court, Suite A, Fort Myers, Florida 33919, this 22nd day of November, 2017.

DAMIEN A. ORATO, ESQUIRE
Florida Bar No. 0028219
SAMANTHA C. DUKE, ESQUIRE
Florida Bar No. 0091403
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
E-mail:  dorato@rumberger.com
E-mail:  sduke@rumberger.com
*Attorneys for Suzuki Motor of America, Inc.*

9

10669557.1