UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BENJAMIN SPECTOR,

    Plaintiff,

v.                                               Case No:  2:17-cv-650-FtM-99CM

SUZUKI MOTOR OF AMERICA,
INC., AMERICAN SUZUKI MOTOR
CORPORATION and SUZUKI
MOTOR CORPORATION,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff's Motion to Remand to State Court (Doc. 14) filed on December 19, 2017.  Defendant Suzuki Motor of America, Inc. filed a Response in Opposition (Doc. 19) on December 29, 2017.  For the reasons set forth below, the Motion is denied.

### **BACKGROUND**

On August 22, 2016, Plaintiff Benjamin Spector (Plaintiff or Spector) was operating his 2008 Suzuki motorcycle when it suddenly shut off causing loss of control and resulted in injury to Plaintiff.  (Doc. 2).  Plaintiff alleges that his model of motorcycle has suffered

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

in the past from defect problems with the ignition switch. (*Id.*) On October 27, 2017, Plaintiff filed a Petition for Pure Bill of Discovery in State Court (Petition) against Defendant Suzuki Motor of America, Inc. (Defendant), in order to obtain discovery related to ignition switch defects to aid him in determining the nature of any wrongful acts and to determine the exact manufacturer of the motorcycle.[2] (*Id.*)

Defendant timely removed the case to this Court, citing diversity jurisdiction as the basis for removal, arguing that the Petition alleges the basis for a products liability action that exceeds $75,000 in damages. (Doc. 1). Before filing the Petition, Plaintiff sent Defendant a pre-suit demand letter dated July 26, 2017, which Defendant submitted in support of its Notice of Removal. (Doc. 1-3). The letter states that Plaintiff's medical bills total $68,218.87, not including any outstanding medical liens. (*Id.* at 4). Plaintiff also stated in the letter that he will "suffer from varying amounts of pain for the rest of his life," and future employment will suffer because of his disabilities. (*Id.*) Plaintiff's letter concluded by demanding $275,000 and "med pay benefits." (*Id.*)

Spector now moves to remand the case because Defendant has not established the Court's subject matter jurisdiction. (Doc. 14). Plaintiff's motion to remand to state court challenges whether a Petition for Pure Bill of Discovery, which alleges no monetary amount of damages, is removable, and whether Defendant may use the pre-suit demand letter to show that the amount in controversy exceeds $75,000.

---

[2] Since removal, Plaintiff has filed an Amended Complaint (Doc. 17), naming additional Defendants American Suzuki Motor Corporation and Suzuki Motor Corporation. These Defendants have not yet been served. Therefore, when the Court refers to "Defendant" throughout this Opinion and Order, it is referring to Suzuki Motor of America, Inc.

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts, therefore, remand to state court any case that was "without the necessary jurisdiction." *Estate of Ayres ex rel. Strugnell v. Beaver*, 48 F. Supp. 2d 1335, 1339 (M.D. Fla. 1999). "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." *Id.* (internal quotations omitted). The party seeking removal must meet the burden of satisfying the jurisdictional requirements for removal. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The removal statutes permit a defendant to move a case from state court to federal court provided the case could have brought in federal court at the time of removal. *See* 28 U.S.C. § 1441 (governing removal), 28 U.S.C. § 1446 (establishing the procedure for accomplishing removal). Federal courts have original jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

Where, as here, a plaintiff has made an unspecified demand for damages in her Complaint, the removing defendants must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement. *Leonard v. Enterprise Rent a Car*, 279 F.3d 957, 972 (11th Cir. 2002); *Williams*, 269 F.3d at 1319; *Kirkland v. Midland Mortgage Co.*, 243 F.3d at 1281 n.5; *Tapscott v. MS Dealer Svc. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000), *cert.*

*denied*, 531 U.S. 957 (2000). Thus, the issue here is whether Defendant has shown that it is more likely than not that as of November 24, 2017, the amount in controversy exceeded $75,000, exclusive of interest and costs. Ultimately, the question is whether the notice of removal plausibly alleges that "the amount in controversy at the time of removal" exceeds $75,000 at the time of remvoal. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

## DISCUSSION

A pure bill of discovery is an equitable remedy under state law which serves "to obtain the disclosure of facts within the defendant's knowledge, or deeds or writings or other things in his custody, in aid of the prosecution or defense of an action pending or about to be commenced in some other court." *Mesia v. Fla. Agr. and Mechanical Univ. School of Law*, 605 F. Supp. 2d 1230, 1232 (M.D. Fla. 2009) (quoting *First Nat'l Bank v. Dade–Broward Co.*, 171 So. 510, 510-11 (Fla. 1937)). As this is a state law cause of action, Plaintiff's Petition contains no readily apparent federal question pursuant to 28 U.S.C. § 1331 providing this Court with jurisdiction; however, Defendant alleges diversity jurisdiction was present at the time of removal. (Doc. 1).

Contrary to Plaintiff's assertion, a pure bill of discovery may be subject to removal. Indeed, Florida courts treat bills of discovery as the first step in a civil action and allow the petition to be amended to state a cause of action at law. *Surface v. Town of Bay Harbor Islands*, 625 So. 2d 109, 109 (Fla. 3d DCA 1993); Florida Rule of Civil Procedure 1.040 ("[t]here shall be one form of action to be known as "civil action"); *Perez v. Citibank*, 328 F.Supp.2d 1374, 1378 (S.D. Fla. 2004) (noting that Florida courts consider bills of

4

discovery civil actions and permitting removal of a bill of discovery in part because such can be amended to add substantive causes of action).

Plaintiff further argues that Defendant has not met its burden of establishing that the amount in controversy exceeds $75,000. Although plaintiff's Petition (Doc. 1) does not state a monetary demand, Defendant relies primarily on Plaintiff's July 26, 2017 pre-suit demand (Doc. 1-3), seeking $275,000 to settle the case. To support the pre-suit demand, Plaintiff described the accident and Plaintiff's resulting "traumatic injury." Plaintiff listed his injuries, doctor visits, and medical bills, which amounted to $68,218.87. Plaintiff also stated that knee surgery has been recommended, and his left ankle may require additional bracing, injections, and surgical intervention. (*Id.* at 4).

Plaintiff disputes the legal significance of the demand, contending that the large sum demanded is inadmissible settlement negotiations and may not be used as evidence supporting jurisdiction, and the medical bills total less than $75,000. However, a pre-suit demand letter "supported by documented medical bills and specific medical diagnoses[]...may be sufficient to plausibly allege that the amount in controversy exceeds $75,000." *Hernandez v. Burlington Coat Factory of Fla., LLC*, No. 2:15-CV-403-FTM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015) (citing *Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 WL 86986, at *3 (S.D. Fla. Jan. 11, 2012)). Here, Plaintiff's pre-suit demand not only references medical bills totaling $68,218.87 (not including any outstanding medical liens), it also lists three medically-diagnosed conditions (myofascial pain, lumbar facet syndrome, permanent impairment in his left ankle and knee, and permanent impairment to his cervical and lumbar spine that required further medical care and significant disability as a consequence of the injury). Plaintiff also demands past and

5

future lost wages. (Doc. 1-3 at 4.) Accordingly, the Court finds that Plaintiff's pre-suit demand credibly supports the conclusion that the value of his claim exceeded $75,000 at the time of removal. *Moraguez v. Walgreen Co.*, No. 6:15-CV-1579-ORL-28TBS, 2015 WL 7863008, at *2 (M.D. Fla. Dec. 3, 2015). Because Defendant has shown by a preponderance of the evidence that the amount in controversy more likely than not exceeded $75,000 at the time of removal, the Motion to Remand is denied.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Remand to State Court (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of January, 2018.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record