UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BENJAMIN SPECTOR,

        Plaintiff,

v.                                              Case No: 2:17-cv-650-FtM-99CM

SUZUKI MOTOR OF AMERICA,
INC., AMERICAN SUZUKI MOTOR
CORPORATION and SUZUKI
MOTOR CORPORATION,

        Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendant Suzuki Motor of America, Inc.'s Motion to Dismiss Amended Petition (Doc. 20) filed on January 5, 2018. Plaintiff filed a Response in Opposition (Doc. 26) on January 19, 2018. For the reasons set forth below, the Motion is granted in part and denied in part, with leave to amend.

## **BACKGROUND**

This is a products liability suit involving a 2008 Suzuki motorcycle. Plaintiff Benjamin Spector was involved in a crash on August 22, 2016 while operating the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

motorcycle.  Plaintiff alleges that the motorcycle contained a defective ignition switch, which caused an unexpected loss in engine/power, resulting in injury to Plaintiff.

On October 27, 2017, Plaintiff filed a Petition for Pure Bill of Discovery in State Court (Petition) against Defendant Suzuki Motor of America, Inc.[2] (Defendant or SMAI), in order to obtain discovery to determine the exact manufacturer of the motorcycle. (Doc. 2).  Defendant timely removed the case to this Court[3] (Doc. 1) and Plaintiff filed an Amended Complaint on December 22, 2017, still seeking a pure bill of discovery due to the uncertainty of the manufacturer of the motorcycle, as well alleging eight counts sounding in products liability.  (Doc. 17).  The Amended Complaint alleges in the conjunctive (and/or) that the subject motorcycle was manufactured, designed, marketed, and distributed by all three Defendants as Plaintiff is unaware at this point the relationship of the three Defendants to the subject motorcycle.  (*Id.* at ¶ 13).  Defendant now moves to dismiss the Amended Complaint for lack of personal jurisdiction over SMAI and failure to state a claim.  (Doc. 20).  The Court will consider each ground for dismissal in turn.

---

[2] Plaintiff originally filed the Petition against SMAI only.  The Amended Complaint (Doc. 17) names additional Defendants American Suzuki Motor Corporation and Suzuki Motor Corporation.  These Defendants have not yet been served.  Therefore, when the Court refers to "Defendant" throughout this Opinion and Order, it is referring to Suzuki Motor of America, Inc.

[3] The Court denied Plaintiff's Motion to Remand the case, finding that the amount in controversy was satisfied.  (Doc. 21).

**DISCUSSION**

I.      **Personal Jurisdiction[4]**

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the Court must conduct a "two-step inquiry when determining whether the exercise of personal jurisdiction over a nonresident defendant is proper." *Thomas v. Brown*, 504 F. App'x 845, 847 (11th Cir. 2013) (citing H*orizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005)). The Court first determines whether defendant's activities satisfy the Florida long-arm statute, and if so, whether the extension of jurisdiction comports with the due process requirements of the Fourteenth Amendment of the United States Constitution. *See Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). "A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements. If both Florida law and the United States Constitution permit, the federal district may exercise jurisdiction over the nonresident defendant." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (internal citation omitted). The plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

***Florida's Long Arm Statute***

Here, Defendant does not dispute that Plaintiff's Complaint sets forth allegations that facially comply with Florida's long-arm statute. (Doc. 20, p. 6). However, the parties

---

[4] The Court considers the jurisdictional issue first as a court without personal jurisdiction is powerless to take further action. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214, n.6 (11th Cir. 1999).

dispute which Defendant can in fact bear legal responsibility for Plaintiff's accident. Defendant argues that it is not subject to this Court's personal jurisdiction because it is a California corporation that only came into existence in 2013, and had no involvement in the subject motorcycle's design, manufacture, testing, assembly, inspection, importation, distribution, formulation, advertisement, or sale. In support, Defendants submits the Affidavit of Kevin Foley, an Engineering Manager in SMAI's Legal Division. (Doc. 20-1). Mr. Foley states that at the present time, SMAI is the importer and wholesale distributer of Suzuki motorcycles in the continental United States. (*Id.* at ¶ 5). However, SMAI did not begin its business operations until April 1, 2013, which is after the subject 2008 motorcycle was designed, manufactured, tested, distributed, and sold. (*Id.*). Defendant argues that because it was not incorporated and did not exist when the subject motorcycle entered the stream of commerce, it cannot be subject to Florida's long-arm statute. The Foley Affidavit further states that another Defendant, Suzuki Motor Corporation, a Japanese corporation, manufactured the subject motorcycle. (*Id.* at ¶ 7).

This affidavit shifts the burden back to Plaintiff to produce evidence supporting personal jurisdiction. *United Tech. Corp.*, 556 F.3d at 1276. Plaintiff responds that the relationship of the three named Defendants to the subject motorcycle is unclear at this point in the litigation. In support, Plaintiff attaches the Affidavit of Plaintiff's counsel Michael Lewis Beckman (Doc. 26-1), along with a Vehicle Information Check Report from the Florida Department of Highway Safety and Motor Vehicles (Doc. 26-2), which states: "Year/Make: 2008 Suzuki Motor of America Inc." Plaintiff believes that once the three Defendants are in the case, discovery will reveal the true relationship among the parties

to determine where liability may properly lie. Therefore, Plaintiff argues that dismissal for lack of personal jurisdiction at this juncture is premature. The Court agrees.

Defendant has challenged personal jurisdiction by submitting affidavit evidence making a specific factual denial based on its personal knowledge, and Plaintiff has responded with his own Affidavit, which at least raises a material dispute and conflicts with Defendant's statement as to who manufactured the motorcycle or may be liable for Plaintiff's damages. Although the Court is aware that SMAI was not in existence until 2013 and the motorcycle at issue in this case was manufactured in 2008, the accident occurred in 2016 and there is no evidence before the Court at this point to show that SMAI could bear no liability whatsoever for the accident that occurred in Florida.[5] Moreover, the Court must at this point construe all reasonable inferences in favor of Plaintiff. Thus, Plaintiff has met his initial burden of establishing that SMAI is within the reach of Florida's long-arm statute.

## II. Failure to State a Claim

### a. Shotgun Pleading

Federal Rules of Civil Procedure 8 and 10 provide the minimum requirements for pleadings. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the complaint need not make detailed factual allegations, it must provide more than labels, conclusions, and formulaic recitations of the elements of the cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 10(b) further provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as

---

[5] For example, SMAI could have assumed certain liabilities from the other Defendants.

far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A problem arises when a plaintiff fails to follow the rules. One such problem is a "shotgun pleading." A common type of shotgun complaint is a pleading "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sherriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. *See Vibe Micro, Inc. v. Shabanets*, No. 16-15276, 2018 WL 268849, at *2 (11th Cir. Jan. 3, 2018) (citations omitted). This is because, among other things, "[t]hey waste scarce judicial resources, 'inexorably broaden[] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[] the public's respect for the courts.'" *Id.* (citation omitted); *see also Weiland*, 792 F.3d at 1323 (stating [s]hotgun pleadings "in one way or another, [fail] to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" (footnoted omitted)). Consequently, when faced with a shotgun pleading, a district court should require the plaintiff to file an amended complaint rather than allow the case to proceed to trial. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (criticizing the district court for not policing shotgun pleadings).

Here, the Amended Complaint is a typical shotgun pleading that improperly commingles claims. Paragraphs 13 through 25 set out general factual allegations. Paragraphs 26 through 90 are divided into eight counts, seven of which Spector "incorporates by reference each proceeding and succeeding paragraph as though fully set forth at length herein" in the Complaint. (Doc. 17 at ¶¶ 36, 46, 53, 61, 69, 76, 80).

This is impermissible under the pleading requirements. See *Kendall v. Boston Scientific Corp.*, No. 6:17-cv-1888-Orl-37GJK, 2017 WL 6042020, at *2 (M.D. Fla. Dec. 6, 2017).

Defendant also argues that the Amended Complaint is a shotgun pleading because it fails to make individualized allegations against each Defendant; rather, all allegations in the eight counts are directed at the three Defendants collectively without specifying the role of each Defendant. While generally a complaint that makes no distinction between defendants' liability is considered a shotgun pleading, a "complaint that can be fairly read to aver that all defendants are responsible for the alleged conduct" may refer to defendants collectively. See *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000). The Court agrees that such an approach makes sense in this case at this point in the litigation. In section titled "Introduction," Plaintiff have identified that each Defendant conducts business in Lee County and is responsible for the manufacture, distribution, and sale of Suzuki motorcycles, in the conjunctive (and/or) because Plaintiff is currently unaware a to each Defendants' liability. (Doc. 17, ¶¶ 9-11).

Thus, the Amended Complaint will be dismissed with leave to amend due to each count's adoption of the allegations of all preceding counts. See *Vibe Micro, Inc.*, --- F.3d ---, 2018 WL 268849, * 3.

### b. Count VII – Breach of Express Warranty, Fla. Stat. § 672.313

Under Count VII, Plaintiff alleges that Defendants expressly warranted that the motorcycle was of high quality and, at a minimum would work properly, which they breached by selling a motorcycle with known defects. (Doc. 17, ¶¶ 77-78). Plaintiff does not allege how these promises were made. Defendant argues that Count VII is due to be dismissed because a buyer-seller relationship (privity) must be present, which Plaintiff

has not alleged. Plaintiff responds that dismissal prior to discovery in this case is premature because "Suzuki's express warranty was intended to cover subsequent owners, and therefore privity is not required." (Doc. 26, p. 9).

At this point it is unclear what the terms of any express warranty were, but based upon Plaintiff's Response, it appears that he is in possession of Suzuki's express warranty. Plaintiff should identify the specific statement on which he bases his claim in the Second Amended Complaint. The Court agrees that in the event the express warranty covers subsequent purchasers, privity might not be required, but the allegations as they stand now are insufficient.

### c. Count VIII – Breach of Implied Warranty of Merchantability

Plaintiff agrees that this Count should be dismissed without prejudice for lack of privity at this time.

### d. Request for Pure Bill of Discovery

Plaintiff's Amended Complaint request a pure bill of discovery in order to learn each Defendants' role with the subject motorcycle. (Doc. 17, ¶ 12). Defendant moves for dismissal of the request because there is no uncertainty as to the manufacturer of the motorcycle and Plaintiff can conduct discovery through the normal course of litigation. The Court tends to agree that now that Plaintiff has filed a products liability lawsuit he may proceed with discovery at the appropriate time. The Court sees no reason to strike this portion of the Amended Complaint if the parties will proceed with discovery in the normal course of litigation.

Accordingly, it is now

**ORDERED:**

(1) Defendant Suzuki Motor of America, Inc.'s Motion to Dismiss Amended Petition (Doc. 20) is **granted in part and denied in part.** The Motion is granted to the extent that the request for dismissal due to lack of personal jurisdiction is denied, but the Amended Complaint (Doc. 17) is dismissed without prejudice as a shotgun pleading with leave to amend.

(2) Plaintiff may file, on or before **February 15, 2018**, a second amended complaint that remedies the deficiency identified in this Opinion and Order. **Failure to file a timely amended pleading will result in the closing of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of February, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record